**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ISAIAH EARL THOMAS,

    Defendant.

No. CR11-4074-MWB

**ORDER REGARDING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B. "Fair And Just Reason" To Withdraw The Plea* . . . . . . . . . . . . . . . . 4
        *1.  Understanding the nature of the conspiracy offense* . . . . . . . . 5
        *2.  Knowledge of possible sentencing range* . . . . . . . . . . . . . . . . 9

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    I am called upon here to consider whether there is any merit to the defendant's contention that he should be allowed to withdraw his guilty plea on the grounds that he

misunderstood the nature of the charged conspiracy and that he was unaware of the possible sentence he was facing at the time he entered his guilty plea.

## *I. INTRODUCTION AND BACKGROUND*

On June 22, 2011, an Indictment was returned against defendant Isaiah Earl Thomas, charging him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). On September 22, 2011, defendant Thomas appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1, 2 and 3 of the Indictment. On this same date, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Thomas's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed and I accepted defendant Thomas's plea of guilty that same day.[1]

On March 7, 2012, defendant Thomas filed a Motion to Withdraw Guilty Plea (docket no. 36). In his motion, defendant Thomas argues he should be permitted to withdraw his guilty plea because he did not understand the nature of the conspiracy offense, and his counsel grossly underestimated his guideline sentencing range. On March 16, 2012, the prosecution filed a response to defendant Thomas's motion. Defendant Thomas did not file a reply brief.

---

[1]The parties waived the fourteen day period in which to file objections to Judge Zoss's Report and Recommendation.

## II. ANALYSIS

### A. Standard Of Review

Federal Rule of Criminal Procedure 11(d) provides as follows:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.**
> A defendant may withdraw a plea of guilty or nolo contendere:
> **(1)** before the court accepts the plea, for any reason or no reason; or
> **(2)** after the court accepts the plea, but before it imposes sentence if:
> **(A)** the court rejects a plea agreement under Rule 11(c)(5); or
> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d).

Pursuant to Rule 11(d), before the court imposes sentence, a defendant may move to withdraw his guilty plea if there is a "fair and just reason" for doing so. *See* FED. R. CRIM. P. 11(d)(2)(B). Accordingly, defendant Thomas is required to show "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B); *see United States v. Held*, 651 F.3d 850, 853 (8th Cir. 2011) ("After a guilty plea is accepted but before sentencing, a defendant may withdraw the plea if he establishes 'a fair and just reason for requesting the withdrawal.'") (quoting *United States v. Goodson,* 569 F.3d 379, 382 (8th Cir. 2009)); *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) ("'The defendant bears the burden of showing fair and just grounds for withdrawal.'") (quoting *United States v. Mugan*, 441 F.3d 622, 630-31 (8th Cir. 2006)); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008) ("After his guilty plea is accepted but before sentencing, a defendant may be permitted to withdraw the plea for 'a fair and just reason.'"); *United States v. Taylor*, 515 F.3d 845, 851 (8th Cir. 2008) ("If a defendant presents a 'fair and just reason' for the withdrawal, the defendant may withdraw a guilty plea after the court's

acceptance of the plea, but before sentencing."). In addition to considering whether there is a "fair and just reason" for the defendant to be allowed to withdraw his guilty plea, "[t]he district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion." *Mugan*, 441 F.3d at 630; *accord Green*, 521 F.3d at 932; *United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005); *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). "Guilty plea should not be 'set aside lightly.'" *Mugan*, 441 F.3d at 631 (quoting *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997)). "'If the defendant fails to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining considerations.'" *Held*, 651F.3d at 854 (quoting *United States v. Nichols,* 986 F.2d 1199, 1201 (8th Cir. 1993)); *accord Smith*, 422 F.3d at 724. Thus, although the "fair and just" standard is a liberal one, it does not create an automatic right to withdraw a plea. *Held*, 651 F.3d at 853; *Smith*, 422 F.3d at 723.

### *B. "Fair And Just Reason" To Withdraw The Plea*

Thomas contends that there are fair and just reasons for permitting him to withdraw his guilty plea. Thomas asserts that he did not understand the nature of the conspiracy offense. Specifically, he asserts that he "does not feel that the evidence was fully explained to him or that the facts of this case establish that he was guilty of being in a conspiracy to distribute marijuana." Defendant's Br. at 2-3. Thomas also claims that his counsel, as well as the prosecutor, grossly underestimated his guideline sentencing range at the change of plea hearing, and "[i]t was not until after he pled guilty that the defendant was made aware of what he was actually facing in terms of the federal sentencing guidelines and the potential consequences of his plea." Defendant's Br. at 3-4. I will address each of these grounds in turn.

4

### 1. *Understanding the nature of the conspiracy offense*

A guilty plea is only valid if it is given knowingly, voluntarily, and intelligently by the defendant. *See United States v. Martinez-Cruz,* 186 F.3d 1102, 1104 (8th Cir. 1999) (to be constitutionally valid, guilty plea must be knowing, voluntary, and intelligent; because guilty plea constitutes waiver of various constitutional rights); see also *United States v. Webb,* 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States,* 397 U.S. 742, 748 (1970)). Federal Rule of Criminal Procedure 11 is designed to ensure that a district court is satisfied that this requirement has been met.[2] As

---

[2]Rule 11(b) requires:

> **(1) Advising and Questioning the Defendant.** Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
>> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>> (B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
>> (C) the right to a jury trial;
>> (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;
>> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
>> (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
(continued...)

a result, Rule 11 requires verification "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Webb,* 403 F.3d at 378–79.

During defendant Thomas's change of plea hearing, Judge Zoss thoroughly discussed all of the Rule 11 requirements with defendant Thomas. In particular, Judge Zoss inquired into defendant Thomas's competency to proceed. Judge Zoss also ensured

---

[2](...continued)
    (G) the nature of each charge to which the defendant is pleading;
    (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;
    (I) any mandatory minimum penalty;
    (J) any applicable forfeiture;
    (K) the court's authority to order restitution;
    (L) the court's obligation to impose a special assessment;
    (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and
    (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.
(2) Ensuring That a Plea Is Voluntary. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).
(3) Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

FED. R. CRIM. P. 11(b).

that defendant Thomas had received a copy of the Indictment, that he had an opportunity to review the Indictment with his attorney, and that he understood the charges contained in the Indictment. Judge Zoss explained:

> THE COURT: Mr. Thomas, you've been charged in an indictment that was returned on June 22, 2011, in 3 Counts. Conspiracy to distribute methamphetamine--excuse me, conspiracy to distribute marijuana in Count 1. Possession of a firearm in furtherance of a drug-trafficking crime in Count 2. Possession of a firearm after having been convicted of a crime of domestic violence in Count 3. There's also a forfeiture allegation which if you plead guilty would provide for the forfeiture of certain property.
>
> . . . .
>
> THE COURT: Mr. Thomas, do you understand what you've been charged with in this case?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Have you had the chance to talk with your lawyer as much as possible as you want about the charge?
>
> THE DEFENDANT: Yes, Your Honor.

Plea Hearing Tr. at 2-3.

After having the prosecutor set out what he believed was the factual background for the charges, Judge Zoss went over the elements of the charged offenses with Thomas in the following colloquy:

> [H]ere's what the government would have to prove to establish Count 1.
>
> First of all, they would have to prove that during about this time period, from January 1, 2010, to February 23, 2011, here in Sioux City, two or more persons reached an agreement or came to an understanding to distribute marijuana. Was there such an agreement or understanding between two or more persons here in the Northern District of Iowa during

about that time period?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Second thing the government would have to prove is that you were a member of that conspiracy, became a member while it – at the beginning or some other time while it was still going on and that you joined up voluntarily and intentionally.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you become a member of this conspiracy?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you join up at the beginning or while it was still going on?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And did you join up voluntarily and intentionally?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And the next thing the government would have to prove is that when you were a member of this conspiracy you acted knowingly. Did you act knowingly?

THE DEFENDANT: Yes, Your Honor.

Plea Hearing Tr. at 10-11.

To convict a defendant of conspiracy, the prosecution must prove that there was an agreement to achieve an illegal purpose, that the defendant knew of the agreement, and knowingly became a part of the conspiracy. *See United States v. Winston*, 456 F.3d 861,

8

866 (8th Cir. 2006); *United States v. Pizano*, 421 F.3d 707, 719 (8th Cir. 2005); *United States v. Morales,* 120 F.3d 744, 748 (8th Cir. 1997); *United States v. Berndt,* 86 F.3d 803, 809 (8th Cir. 1996). While under oath at the change of plea hearing, Thomas admitted each of these requirements. The doctrine of mistake only permits a withdrawal of a guilty plea when it appears that the defendant "did not understand the nature of the offense charged." *Morales,* 120 F.3d at 747. The record does not suggest that Thomas misunderstood the nature of the charged conspiracy. Rather, Thomas did not file his motion to withdraw his guilty plea until after the filing of the first draft of his presentence investigation report. It appears that, when faced with the prospect of a long prison term, Thomas had second thoughts regarding his decision to plead guilty. "'Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea. . .'" *United States v. Bowie*, 618 F.3d 802, 811 (8th Cir. 2010) (quoting *United States v. Davis*, 583 F.3d 1081, 1089 (8th Cir. 2009)); *United States v. Stuttley,* 103 F.3d 684, 686 (8th Cir. 1996) (same); *see also United States v. Green,* 521 F.3d 929, 931 (8th Cir. 2008) ("the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom").

### 2. *Knowledge of possible sentencing range*

Thomas also argues that he was unaware of the possible sentence he was facing until after his plea hearing because both his counsel and the prosecutor grossly underestimated his guideline sentencing range at the change of plea hearing, and the possibility of the career offender enhancement, *see* U.S.S.G. § 4B1.1(a), applying to him was not discussed.

The Eighth Circuit Court of Appeals has explained:

> "A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the

9

statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be."

*United States v. Davis,* 583 F.3d 1081, (8th Cir. 2009) (quoting *United States v. Ramirez-Hernandez,* 449 F.3d 824, 826 (8th Cir. 2006) (internal citations omitted)); *accord United States v. Burney*, 75 F.3d 442, 445 (8th Cir. 1996) ("A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential punishment and that the Guidelines would be applied to determine his sentence."); *see United States v. D'Angelo,* 172 F.3d 1046, 1047 (8th Cir. 1999) (defendant's reliance on erroneous legal advice from defense counsel regarding sentencing guidelines does not provide ground for withdrawing guilty plea); *United States v. Ludwig,* 972 F.2d 948, 950–51 (8th Cir. 1992) (holding that defendant's unawareness of applicability of career-offender provision did not constitute fair and just reason to allow him to withdraw his guilty plea where he had been apprised of the possible range of imprisonment); *see also United States v. Himick*, 139 Fed. App'x 227, 229 (11th Cir. 2005) (holding district court did not abuse its discretion by denying defendant's motion to withdraw his plea where defendant argued that he should be allowed to withdraw his plea because his attorney never advised him of the possibility of being sentenced as a career offender but acknowledged that he understood the maximum possible sentence for his crime and that his ultimate sentence could be greater than estimates given to him by his attorney or anticipated by the parties); *United States v. Williams*, 116 Fed. App'x 539, (5th Cir. 2004) (holding defendant not entitled to withdraw guilty plea on ground that he was unaware he was facing enhanced penalty as a career offender where defendant was informed of the maximum sentence he faced); *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003) (holding defendant had not shown a fair

and just reason to withdraw guilty plea even though his counsel failed to inform him that he would be sentenced as a career offender where defendant was informed that he faced a possible maximum sentence of life imprisonment); *cf. Thomas v. United States,* 27 F.3d 321, 324 (8th Cir. 1994) (holding a defendant had no right to be specifically informed of the effect of a "career offender" provision on his sentencing range).

My review of the plea hearing transcript reveals that Judge Zoss fully satisfied the requirements of Rule 11(b) by explicitly informing Thomas of the maximum sentence he faced at the time of sentencing as well as the mandatory minimum sentence he faced. Judge Zoss explained:

> THE COURT: Mr. Thomas, I'm going to now tell you the statutory penalties that would apply if you were convicted of these charges. For Count 1 you could be sent to prison for up to five years. You also could be placed on supervised release for up to life. And there's a mandatory minimum term of supervised release of 2 years. You also could be fined up to $250,000, and you'll have to pay a special assessment of a hundred dollars.
>
> *For Count 2 you could be sent to prison actually for up to life, and there's a mandatory minimum consecutive sentence on Count 2 of 5 years.* You could be placed on supervised release for up to 5 years, and you could be fined up to $250,000. And you'll also be able--also be ordered to pay a special assessment of a hundred dollars on Count 2 as well.
>
> Count 3, statutory penalties are you could be sent to prison for up to 10 years. You could be placed on supervised release for up to 3 years, and you could be fined up to $250,000. You also could be ordered to pay a special assessment of a hundred dollars.
>
> So basically what will happen is if you're convicted on all these charges, you'll get sentenced on Count 1 to something

between 0 and 5 years. On Count 2 you will get a sentence of at least 5 years. Usually it is 5 years, but it will be at least 5 years on Count 2, and will be consecutive to anything on Count 1. So if you got 2 years on the marijuana charge, you'd have to get at least 7 years when you add in Count 2.

Count 3 you could be sent to prison for up to 10 years. That could be run concurrently or consecutively. It's up to the judge whether to run that concurrently or consecutive to the sentences on Count 1 and Count 2. You'll pay a special assessment--a total special assessment on all 3 counts of $300. And there's a potential fine of up to $250,000 on each count that's also available.
Mr. Fairchild, did I correctly explain the penalties on these crimes?

MR. FAIRCHILD: Yes, Your Honor, and most importantly, that *the defendant is aware that he could face up to life in prison,* yes, Your Honor.

THE COURT: As I said, the judge also has the power to order forfeiture and restitution. And, in fact, if you plead guilty, the judge will order restitution of what's – excuse me, will order forfeiture of the items that are listed being forfeited in the indictment, specifically the firearms and the ammunition that were recovered I assume at the time the defendant was arrested on that date.
Do you have any questions about the statutory penalties?

THE DEFENDANT: No, Your Honor.

Plea Tr. at 16-18 (emphasis added).

When Judge Zoss then asked counsel to predict the guidelines calculations for Thomas, the prosecutor and defense counsel agreed that the "rough prediction" for Thomas's criminal history category would be a level V or VI, and his guideline range

12

would be a sentence of 24 to 30 months on the drug charge and at least 60 months on the § 924(c)(1)(A) gun charge, for a guideline range of 84 to 90 months. Plea Tr. at 22-23. The prosecutor, however, cautioned:

> MR. FAIRCHILD: And one thing I should note here, too, is this is one of those unusual cases. At least the guidelines will be probably less important than they are in the typical advisory setting. Because his criminal history is--is so long and his particular instant offense has so many disturbing characteristics to it, he's likely going to be either within the guidelines subject to several upward departures or perhaps even subject to upward variances that the guidelines are going to very quickly be overcome by the other sentencing factors.

Plea Tr. at 22. Judge Zoss added his own note of caution, informing Thomas that any sentencing estimates made by counsel were simply estimates that were not binding on me:

> THE COURT: Okay. Mr. Thomas, I've – we've had this discussion not to indicate at all what the sentence is you're going to receive because I don't know what that's going to be. As Mr. Fairchild said and as your lawyer's probably indicated to you, that's going to be decided by Judge Bennett at the sentencing hearing, and what we talk about here is – is not binding on him. I just wanted to make sure you didn't have a misunderstanding about the kinds of things that could happen at the sentencing hearing.
>
> What will happen is Judge Bennett will look at this presentence investigation report we talked about which will be very important, so that's why I talked to you about making sure it's as accurate as possible. He'll listen to the arguments of the lawyers. He'll listen to the evidence offered at the sentencing hearing. People can – both sides can offer evidence about what happened, about anything in the presentence investigation report, about anything related to this offense. And the judge will listen to that, and he'll listen to the arguments of the lawyers. And then he'll come up with a guideline calculation.

Now, the lawyers are talking about a guideline calculation of, you know, 80 or 90 months, something in that range, and that well could be the calculation. It could end up being higher. It could end up being lower. The judge will make his own calculation after what he – what he hears at the hearing and what he sees in the report. And then he'll come up with this guidelines that has a range of months. That's – so the guidelines may say 84 to 90 months, that that would be a sentence appropriate for you. It could be higher. It could be lower. That could be the appropriate guideline range that we're talking about.

But I want you to understand that, you know, the parties think it's going to be about the eight- or nine-year range that the guidelines are going to suggest that you go to – be sent to prison.

You should understand that although the judge may consider the guidelines when determining your sentence, the guidelines are advisory only. That simply means the judge doesn't have to sentence you within the guidelines. He'll determine the appropriate sentence for you based on sentencing factors that are set out in the federal statutes. The federal statutes have – they say the judge is to consider the following things in determining your sentence, and there's a list of factors it sets out there, and the judge will look at that statute and consider all those factors. And he'll determine what's the appropriate sentence for you in your particular circumstances in your particular case.

And it may be that the appropriate sentence for you is one within this advisory guideline range. Often it is. It could be that the appropriate sentence for you is above the guideline range or below the guideline range. There's no presumption that the appropriate sentence for you is within the guideline range. It could be, but the judge might not find that it is.

Mr. Fairchild's indicating that he thinks the case is

>going to end up with there being departures or variances above the guideline range. As --as I've indicated, *the judge has the power to sentence you all the way up to life in prison if he wants to and he finds that's appropriate under the statutes.* He can depart above the guideline range whatever he calculates. he could depart below the guideline range. He could decide that the guideline range is appropriate and sentence you below whatever the bottom of the guideline range is, although he can't go below 5 years. You have to get at least 5 years because of Count 2. That's the mandatory minimum. And that's consecutive to any sentence you'd get on Count 1, so it'd be in addition to any sentence you got on Count 1.
>
>Do you understand what--how sentencing could go in your case?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Have any questions about it?
>
>THE DEFENDANT: No, Your Honor.

Plea Tr. at 23-26 (emphasis added).

I conclude that, during the change of plea hearing, Judge Zoss correctly informed Thomas of the statutory maximum sentences that he faced and that the Guidelines would be used to determine his sentence. Thus, I find that Thomas's decision to enter his plea of guilty to the charged offenses was made knowingly and voluntarily and defendant Thomas is unable to show a fair and just reason for me to allow him to withdraw his guilty plea.

Because defendant Thomas has failed to establish a fair and just reason for withdrawing his guilty plea, I need not address the remaining pertinent factors. *See Held*, 651 F.3d at 853, *see also Smith*, 422 F.3d at 721 (instructing that "[i]f a defendant fails to establish a fair and just reason for withdrawing the guilty plea, the district court need not address the remaining factors."); *United States v. Gray*, 152 F.3d 816, 819 (8th Cir.

1998) (noting that "if a defendant does not present a fair and just reason for withdrawal of a guilty plea no need exists to examine the other factors."); *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (holding that "'[i]f the defendant fails to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining considerations.'") (quoting *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993)). Thus, defendant Thomas's Motion to Withdraw Guilty Plea is denied.

### III. CONCLUSION

After reviewing the record and considering the parties' arguments, I find that defendant Thomas has failed to demonstrate a fair and just reason to withdraw his guilty plea. Therefore, defendant Thomas's Motion To Withdraw Guilty Plea is **denied**.

**IT IS SO ORDERED.**

**DATED** this 5th day of April, 2012.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA